Perry BURNHAM and L. Earl Burnham, Appellants,

v.

Clifton B. LAYTON, Jack B. Layton and Grace Layton, his wife, Appellees.

No. 4979.

United States Court of Appeals, Tenth Circuit.

Feb. 4, 1955.

Elias Hansen, Salt Lake City, Utah (F. Robert Bayle, Salt Lake City, Utah, was with him on the brief), for appellants.

Edward W. Clyde, Salt Lake City, Utah (Grover A. Giles, Salt Lake City, Utah, was with him on the brief), for appellees.

Before MURRAH and PICKETT, Circuit Judges, and SAVAGE, District Judge.

PICKETT, Circuit Judge.

This action was brought by the Laytons to require the Burnhams to account for the proceeds received by them in the operation and sale of a ranch in Idaho. Clifton B. Layton entered into a contract to purchase the ranch and personal property thereon and was unable to finance it. The Burnhams advanced a substantial amount of money to meet the conditions of Layton's contract, and took title to the property in their name. The case was before us on a former appeal where the facts are set forth in detail and they will not be repeated here. 10 Cir., 209 F.2d 237, 242. In the former appeal we held that, "the Burnhams are entitled to receive all advances and all expenditures necessarily made by them to operate and preserve the property, together with interest thereon from the date of each advance or expenditure. If there is a balance, either in money or property, it belongs to the Laytons." This is the law of the case.

We thought we had made it clear in the former opinion that the Burnhams were not the actual owners of the real and personal property; that they were entitled only to reimbursement with interest; and that they were required to account to the Laytons. Certain items of expenditures were allowed and some were disallowed. That determination became final.

Upon remand the trial court entered judgment in accordance with the former opinion except with respect to the income to the Burnhams from the sale of one hundred and two head of cattle. These cattle were included in a sale of the ranch to the Randall Brothers. When that sale was terminated because of default, the ranch and personal property, including the one hundred and two head of cattle, were returned to the Burnhams. They kept the cattle for some time and incurred a feed bill of over $2,000. Sixty-eight head were then sold for $11,925.75. The remaining thirty-four head were turned over to the Randall Brothers in settlement of the feed bill. The trial court concluded that the cattle returned were of the reasonable value of $25,000, and that the Burnhams had taken them as their own and were chargeable with that amount. This is contrary to the theory upon which the case was decided. The Burnhams should have been charged only with the amount actually received for the sixty-eight head, which was $11,925.75. This amount, together with the thirty-four head given for the feed bill, accounts for the one hundred and two head of cattle.

The Burnhams continued to retain possession of one hundred and sixty acres of land, together with one thousand shares of stock in the Upper Wood River Water Users Association, and one hundred shares of stock in the Sawtooth Grazing District which belonged to the Laytons. They received $1,162 income therefrom and expended $392.88. The court properly charged the income to the Burnhams and credited them with expenditures.

The judgment is affirmed in all respects except for the charges of income for the one hundred and two head of cattle. Judgment as to this item is reversed, and the case remanded with instructions to enter judgment in accordance with the views herein expressed.